## McNamara v. Dratt et al.

1. **Partnership:** EVIDENCE: BOOKS OF ACCOUNT. To establish the fact of an alleged partnership, the manner in which the books of a third party, seeking to charge one as a partner, were kept, is not competent evidence.

2. **Instruction:** PART OF THE FACTS. An instruction which directs the jury to return a verdict for one of the parties if it finds certain facts to be true, when there are other facts in the case which might, if found, justify a verdict for the other party, is erroneous.

3. **Jury:** MISCONDUCT OF: PRACTICE. Where there are conflicting affidavits respecting the misconduct of the jury, without preponderance in favor of the motion to set aside the verdict, the action of the court in overruling the motion will be sustained.

*Appeal from Montgomery District Court.*

MONDAY, APRIL 26.

ACTION upon an account for goods sold by plaintiff, to B. F. Dratt & Co., a firm composed, as alleged, of the defendants B. F. Dratt and John R. Myers. The defendant Myers, only, was served with notice. He answered denying the averments of the plaintiff's petition, and especially denied that he was ever a partner of B. F. Dratt. Upon a trial to a jury there was a verdict for defendant. A judgment being entered thereon, the plaintiff appeals.

*Sapp, Lyman & Hanna*, for appellant.

*A. V. Larimer*, for appellee.

COLE, J.—Whether the defendant, John R. Myers, was a partner in the firm of B. F. Dratt & Co., was the real question at issue upon the trial before the jury. The evidence was sufficient to justify the giving of the instructions asked, if they embody correct statements of the law. The court gave one or two instructions upon the question as to what facts would render Myers liable as a partner of Dratt, respecting which no complaint is made; and also, at the request of the

plaintiff gave the following: "3. Conversations, assertions, acts or admissions of Myers tending to show that Dratt and Myers were partners may be shown, and if they are such as would justify a reasonable and fair man in concluding that they were partners, they will have the effect to bind the defendant, Myers, though no partnership did in fact exist."

The plaintiff also asked the court to give the following instruction, which was refused, and error is assigned thereon, to-wit: "2. You will carefully consider the circumstances of the case as elicited in the evidence; the manner in which the goods were charged; whether the defendant Myers has so acted as to induce others to believe he was a partner; whether he was reported generally to be a member of the firm of B. F. Dratt & Co.; whether he knew that the goods in controversy were purchased by B. F. Dratt & Co., and that he was looked to for payment thereof; whether he was silent as to the right of Dratt to purchase in that name; whether he admitted the correctness of the account; whether, with an understanding that plaintiff claimed to hold him as partner upon said account, he promised to pay the same; and from all these circumstances, determine whether a partnership existed, or whether Myers by his acts and conduct had given others a reasonable ground to believe that one existed. In either case, Myers would be made liable for the amount of the account, if you find the goods were sold by the plaintiff."

There was no error in refusing this, the court having given the third, as above set out. "The manner in which the goods were charged," was a fact over which the defendant had no control; it was purely an act of the plaintiff's and surely he could have no right to insist that his act, done in the absence of the defendant, and without his knowledge or consent, should be considered by the jury as a circumstance tending to show the defendant's liability to him. Where a trader sells goods and charges them to the person buying, and afterwards seeks to hold another for the price of them, it would be very competent for such other person to show the manner of the charge in order to defeat a recovery from him, by thus showing that the credit was given

1. PARTNER-
SHIP: evi-
dence: books
of account.

to the person buying. But this is very different from the proposition of the instruction, which asks that the jury shall consider the manner of the charge made by the plaintiff himself in order to sustain his claim against another, who had no connection with, or knowledge of such act.

And further, " whether Myers was silent as to Dratt's right to purchase in the firm name " was not, without more, proper to be considered. His silence may have been the result of his ignorance of any such claim of right by Dratt, or of any conduct of his calculated to create the belief of an assertion of such right. Surely, in the absence of all knowledge respecting such claim of right by Dratt, or any one else, Myers might well be silent, and such silence ought not to be considered for the purpose of making him liable. Since the instructions contained these erroneous propositions, we need not show others, or review it further—it was proper to refuse it for these.

The plaintiff also asked this instruction, which was refused: "4. If you find from the evidence that the articles in question were charged to the firm of B. F. Dratt & Co., and that the plaintiff believed the said Myers was a member of said firm, and sold the goods on the faith he had in the responsibility of the defendant, Myers, and that Myers afterwards, knowing that the goods were charged in that way, and that plaintiff held him responsible therefor, made no objection that he was not a member of said firm, or that Dratt had no authority to purchase said goods, but promised to pay said account, it will be sufficient evidence to bind Myers, and your verdict will be for the plaintiff." It is not necessary to review this instruction in all its features. It was properly refused, because it required the jury, if they should believe the facts stated, to find for the plaintiff; whereas the liability of the defendant rests alone upon the fact of his being a partner in the firm of B. F. Dratt & Co.; and while the jury might find the fact of partnership from the matters stated in the instructions, yet they were not bound so to do,— they might well find the matters so stated to be true, but when taken in connection with the other facts, be fully satis-

*2. INSTRUC-TION: part of the facts.*

fied that there was no partnership and no just foundation for the belief that there was one. In such case they might properly find for the defendant. The instruction denied them this right, and for this, if for nothing else, it was not error to refuse it.

II. After the jury returned their verdict, the plaintiff moved to set it aside because of the alleged misconduct of the jury in separating during their deliberation. 3. JURY: misconduct of: practice. The affidavits respecting such alleged separation and misconduct are very conflicting, and upon the fact the District Court found against the plaintiff. This finding is satisfactory to us; as is also the finding of the jury upon the main issue as to the partnership.

AFFIRMED.

BECK, J., *not concurring.*