BOULTON v. THE FIRST NATIONAL BANK OF GOSHEN.

1. **Evidence.:** PARTNERSHIP: BOOKS OF ACCOUNT. The books of a third party are not admissible to establish the fact of an alleged partnership.

2. ———: ———: ———. Nor are they admissible to contradict the party to the controversy who denies the fact of the partnership unless it be shown that he directed the entries to be made which it is sought to introduce.

*Appeal from Floyd Circuit Court.*

THURSDAY, JUNE 14.

THE plaintiff, Boulton, claims that he and one Wilkins as partners purchased a lot in the town of St. Charles, the title of which was conveyed to Wilkins for convenience; that afterward they commenced the erection of a building thereon in the erection of which several thousand dollars were expended, all of which but a small portion was furnished by Boulton; that afterward an arrangement in parol was made whereby Wilkins agreed to convey the premises to Boulton, and the latter was to pay the former $100 for his interest. This agreement was not reduced to writing until after the judgment hereafter mentioned was obtained.

The defendant denies the partnership and insists the prop-

erty belonged to Wilkins at the time defendant obtained a judgment against him on which execution was issued and levied on the property. By consent an injunction was granted restraining a sale until a determination of the rights of the parties in this proceeding. The Circuit Court found that Boulton and Wilkins were joint and equal owners of the property, and entered a decree permitting the defendant to sell the portion belonging to Wilkins in satisfaction of the judgment. The plaintiff appeals.

*W. B. Fairfield* and *G. F. Boulton,* for appellant.

*Starr, Patterson & Harrison,* for appellee.

SEEVERS, J.—I. The existence of the partnership and the length of time it continued were material questions. As evidence to support this theory the defendant offered

1. EVIDENCE: partnership: books of account.

certain account books of Mitchell & Fletcher which contained charges against "Boulton & Wilkins" for lumber used in the construction of the building on the lots in question. Boulton claimed the partnership had been dissolved. These books were objected to but the objections overruled and they were admitted as evidence. In this there was error. Who made the entries was not shown or that either Boulton or Wilkins knew the lumber was so charged. Boulton testified that he purchased the lumber and paid for it, but that he did not know the lumber was charged to Boulton & Wilkins, and it was also insisted the evidence was admissible for the purpose of contradicting him. In this view we do not concur. If it had been shown that Boulton had directed the lumber to be so charged, the case would have presented different features. The book, we think, was clearly inadmissible for any purpose: *McNamara v. Dratt,* 40 Iowa, 413.

II. It is not shown by the abstract that all the evidence is before us. If, therefore, this cause be triable *de novo,* about which, to say the least, there is great doubt, it would be improper for us to express a definite opinion on the merits of this controversy. We deem it, however, proper to say if the legal or equitable title belonged to Boulton & Wilkins at the

time the judgment was rendered, the defendant can only reach and have applied in satisfaction of his judgment whatever interest Wilkins had therein. Whether this can be done by a sale of the partnership property without an adjustment of the accounts between the parties, or whether the appropriate relief can be granted under the present pleadings, is for counsel to determine.

REVERSED.